IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Taiyuan Jackson #HC04252210751,<br>also known as Tai'Yuan Ja'Rel Jackson,<br><br>Plaintiff,<br><br>vs.<br><br>Nancy Livesay, Christopher B. White CSS Davis, Myrtle Beach Police Department,<br><br>Defendants. | Case No.: 4:25-cv-1332-JD-TER<br><br><br><br>ORDER |

Plaintiff, at the time of filing, was a pretrial detainee proceeding pro se. On March 19, 2025, the magistrate judge recommended that the action be partially dismissed as to Defendant Livesay and the Myrtle Beach Police Department, specifically concerning the alleged false arrest and malicious prosecution claims. Service was authorized solely upon Defendants Davis and White. (DE 7, 9.) On March 28, 2025, Plaintiff filed objections, which were mailed from the detention center. (DE 13.) Notably, on that same date, the Court received a change of address submission from the detention center, listing an external (non-detention center) address. (DE 14.)

On March 31, 2025, the Court entered and mailed an order to both the detention center and the external address, stating:

> On March 28, 2025, Plaintiff submitted a change of address for an outside address; however, the mail came from J. Reuben Long Detention Center and public records show Plaintiff is still incarcerated in the Detention Center. It appears Plaintiff is directing mail to a person other than himself. The Clerk of Court shall not enter a change of address which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this court who has entered a formal appearance. Plaintiff is directed to inform the court

1

> within 10 days of the date of this order where Plaintiff is located currently.

(DE 17.) No response was received to this order, despite it being mailed to both addresses. Subsequently, on April 23, 2025, another order was issued and mailed to both addresses, providing:

> On March 31, 2025, Plaintiff was ordered to inform the court where Plaintiff was located, which was mailed to both addresses and neither returned as undeliverable. Plaintiff failed to comply with the court's order and the time for compliance has passed. The address change appearing to direct mail to a person other than himself is rejected1 and the Clerk shall reflect only the detention center address on the docket. Out of an abundance of caution, Plaintiff is given a second opportunity to provide his address. Plaintiff shall inform the court of his physical address within 20 days of the date of this order. **Because service was issued in part, the USMS has been directed by the Clerk to hold further service of process activity due to Plaintiff's noncompliance; upon compliant response, this hold will be lifted and consideration of extension of the service deadline will be given. If Plaintiff does not appropriately respond to the court's order within the time permitted by this Order, this entire case may be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure**.

(DE 21) (emphasis added.) On May 19, 2025, the second order (DE 21) was returned as undeliverable from the detention center; however, the mailing to the external address was not returned, nor was the first order. (DE 25.)

The Court must have a reliable method of communication with a pro se plaintiff for an action to proceed. Plaintiff bears the responsibility of providing an accurate and current address to the Court. This matter now comes before the Court due to Plaintiff's failure to comply with the above-described magistrate judge's orders. (DE 17, 21.) The orders were mailed to the addresses provided by Plaintiff. As the mailing to the external address was not returned as undeliverable, the Court

2

presumes Plaintiff received the orders but nonetheless failed to comply within the time permitted. To date, the Court has received no response, and the time for compliance has expired.

"The court has inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). Additionally, Rule 41(b) expressly authorizes dismissal of actions for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

> The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Plaintiff's failure to respond within the ordered time frame demonstrates an intent not to prosecute this action, subjecting the matter to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss actions when a plaintiff fails to comply with a court order); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning provided); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (recognizing court's authority to dismiss sua sponte).

Accordingly, this case is DISMISSED WITHOUT PREJUDICE. The pending report and recommendation is hereby MOOTED. The Clerk of Court is directed to close the file.

IT IS SO ORDERED.

                                                           *Joseph T. Dawson III*
                                                           Joseph Dawson, III
                                                           United States District Judge

Florence, South Carolina
June 4, 2025

4